Sarah H. Cohen (SBN 330700)
*sarah@tomorrowlaw.com*
Rafael Yedoyan (SBN 351499)
*Rafael@tomorrowlaw.com*
**BIBIYAN LAW GROUP, P.C.**
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705
Attorneys for Plaintiff, NERY BACAJOL

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NERY BACAJOL,<br><br>Plaintiff,<br><br>v.<br><br>ALDI FOODS, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO: 5:25-cv-02963-JGB-DTB<br><br>[*Assigned to the Hon. Jesus G. Bernal*]<br><br>**NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: May 11, 2026<br>TIME: 9:00 A.M.<br>COURTRM: 1, 2nd Floor<br><br>[Declaration of Rafael Yedoyan in Support Thereof, [Proposed] Order Lodged Herewith, Request for Judicial Notice] |

**NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on May 11, 2026 at 9:00 a.m., or as soon thereafter as the matter can be heard in Courtroom 1, in the above-referenced Court, located at 3470 Twelfth Street Riverside, CA 92501-3801, plaintiff NERRY BACAJOL ("Plaintiff") will and hereby does move for reconsideration of the Court's March 19, 2026 Order Granting Defendants' Motion to Compel Arbitration (the "Order" or the "March 19 Order"). (Dkt. 18.) This Motion is based on the following Memorandum of Points and Authorities, the evidence and records on file in this Action, and any other written or oral evidence or argument that may be presented at or before the time this Motion is heard.

Plaintiff respectfully requests that the Court reconsider its Order dismissing Plaintiff's putative class claims for unpaid minimum wages and the derivative waiting time penalties under Labor Code Section 203 for Plaintiff's underlying minimum wage claims and issue a new and different order instead finding that Plaintiff's minimum wage claims and associated waiting time penalties be non-arbitrable and can proceed in this court on a class wide basis. This request is based upon the ruling in the California Court of Appeals case *Villalobos v. Maersk, Inc.*, 114 Cal. App. 5th 1170 (2025), which was cited to in Plaintiff's opposing papers, but the court did not address in its ruling.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff seeks reconsideration of the Court's Order issued March 19, 2026, specifically as to the Court's decision to dismiss Plaintiff's class claims for failure to pay minimum wages for all hours worked and any affiliated waiting time penalties. Respectfully, Plaintiff contends that reconsideration of this aspect of the Court's ruling is proper because it was clear and manifest error for the Court to dismiss these class claims in light of *Villalobos v. Maersk, Inc.*, 114 Cal. App. 5th 1170 (2025),

which explicitly held that those claims are, in fact, *not* arbitrable under Labor Code Section 229. *Villalobos v. Maersk, Inc*., 114 Cal. App. 5th 1170, 1193-1194 (2025). The court did not address the *Villalobos* ruling in its order. The underlying complaint in the *Villalobos* matter pleaded the same Labor Code Section violations that Plaintiff did in this matter. **(Dckt. # 1, Ex. A and Request for Judicial Notice ["RJN"], Exhibit A.)** Given these similarities, *Villalobos* is clearly applicable and Plaintiff should be allowed to proceed with these claims in this court on a class wide basis.

## II. SHORT FACTUAL SUMMARY

Defendant Aldi Foods, Inc. filed a Notice of Removal on or about November 5, 2025, removing this state-court action to federal court. (*See* Dkt. 1.) Thereafter, on February 11, 2026, Defendant filed a Motion to Compel Arbitration, demanding from the Court an order compelling arbitration of Plaintiff's individual claims, dismiss or striking the class claims, and staying the rest of the action pending arbitration. (*See* Dkt. 13.)

Plaintiff filed an Opposition to Defendants' Motion on August 23, 2025. (*See generally* Dkt. 16.) Among other arguments presented in Opposition to Defendant's Motion, Plaintiff argued that he was exempt from the Federal Arbitration Act as a transportation worker, and therefore several of his claims are not arbitrable under Labor Code Section 229. Defendants thereafter filed a Reply on March 16, 2026. (*See* Dkt. 17.) The Motion, which was originally set for hearing before the Court on March 30, 2026, was taken off-calendar and deemed submitted on the papers by the Court on March 19, 2026. (*See* Dkt. 18.)

On March 19, 2026, the Court issued an Order granting the Motion to Compel Arbitration. (*See* Dkt. 18.) In its March 19 Order, the Court concluded that Plaintiff was exempt from the Federal Arbitration Act as a transportation worker but that 1) the class waiver was valid, 2) Labor Code Section 432.6 did not render the purported arbitration agreement unenforceable, and 3) Labor Code Section 229 does not preclude the arbitration of any of Plaintiff's claims. (*See* Dkt. 18.) Specifically as to

Plaintiff's Labor Code Section 229 arguments, this honorable court in its ruling did not address Plaintiff's arguments regarding *Villalobos v. Maersk, Inc*., 114 Cal. App. 5th 1170 (2025), rather finding that courts previously held that the same claims made by Plaintiff are arbitrable, citing specifically to one ruling that predates *Villalobos* from the Northern District of California entitled *Bahamonde et al v. Amazon.com Services LLC et al,* Case No. 3:25-cv-03499-JSC. *Bahamonde* is **not** binding authority on this court, and even if it was it predates the *Villalobos* ruling. The court then dismissed Plaintiff's action and ordered each and every cause of action to arbitration.

Plaintiff met and conferred with Defendant regarding the filing of this Motion in compliance with the Local Rules of this Court via videoconference on Monday March 30, 2026. **(Declaration of Rafael Yedoyan, ¶2.)**

## III. LEGAL STANDARD

"A district court has inherent jurisdiction to modify, alter, or revoke a prior order." *De La Torre v. CashCall, Inc.*, 56 F.Supp.3d 1105, 1107 (N.D. Cal. 2014) (*rev'd on other grounds*, 904 F.3d 866 (9th Cir. 2018)). In this District, a litigant seeking reconsideration of a judgment rendered by a district court may move for reconsideration on the basis of, among other grounds, "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." C.D. Cal. Civ. L.R. 7-18.

A motion for reconsideration must be made under either Federal Rule of Civil Procedure ("FRCP") 59(e) or 60(b), but in either event will be "appropriate if the district court (1) is presented with newly discovered evidence, (2) ***committed clear error or the initial decision was manifestly unjust***, or (3) if there is an intervening change in controlling law." *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008) (internal quotes omitted) (emphasis added).

## IV. ARGUMENT

The argument in favor of granting reconsideration specifically as to the Court's dismissal of Plaintiff's class claims in the March 19 Order is straightforward. As this

Court itself concluded in its Order, Plaintiff is exempt from the Federal Arbitration Act as a transportation worker and is therefore subject to the California Arbitration Act applies. Because the CAA applies and not the FAA, Labor Code Section 229 is applicable and certain claims for wages are not arbitrable. The March 19 Order contains an error in that it does not address at all the *Villalobos* matter, rather relying on a ruling in *Bahamonde et al v. Amazon.com Services LLC et al,* District Court for the United States, Northern District of California Case No. 3:25-cv-03499-JSC. In this ruling, the court found that Labor Code Section 229 was inapplicable and therefore it did not exempt any of the plainitff's claims from arbitration. However, the ruling in *Bahamonde* predates the *Villalobos* ruling, and the *Bahamonde* court did not make its ruling with the *Villalobos* ruling in consideration.

Put plainly, the *Villalobos* matter speaks directly to the issue of whether Plaintiff's minimum wage claims and waiting time penalties based upon those claims are arbitrable. In no uncertain terms, *Villalobos* found that the plaintiff's claims for unpaid minimum wages were **not** arbitrable. *Villalobos v. Maersk, Inc*., 114 Cal. App. 5th 1170 (2025). Specifically, *Villalobos* found that "the trial court held that Labor Code Section 229 shielded from arbitration both plaintiff's claim for nonpayment of wages and his claims for waiting time penalties to the extent that claim was based on failure to pay minimum wages[]" and "[w]e see no reversible errors." *Villalobos v. Maersk, Inc*., 114 Cal. App. 5th 1170, 1193 (2025). As for the waiting time penalties under Labor Code Section 203, *Villalobos* found that "Section 229 shields from arbitration '[a]ctions to enforce the provisions of this article for the collection of due and unpaid wages.' Labor Code Section 203 is one of the 'provisions of this article…'" *Villalobos v. Maersk, Inc*., 114 Cal. App. 5th 1170, 1194 (2025).

The plaintiff in *Villalobos* pleaded the same exact labor code sections for his violations of California's minimum wage laws, namely Labor Code Sections 1994 and 1194.2. **(See Dckt #1 and RJN, Exhibit A.)** Plaintiff further pleaded the same Labor Code Section violations for his waiting time penalties as the plaintiff in

*Villalobos* did. (See Dckt #1 and RJN, Exhibit A.) Furthermore, like Plaintiff Bacajol, the plaintiff in *Villalobos* was an hourly non-exempt employee that primarily worked in a warehouse performing tasks that are substantially similar to the tasks Plaintiff Bacajol did. The factual similarities between the two matters are stark. Because the minimum wage claims and associated waiting time penalties in *Villalobos* were "shielded" from arbitration, so should the minimum wage claims and claims for associated waiting time penalties in this action.

*Villalobos v. Maersk, Inc*., 114 Cal. App. 5th 1170 (2025) is directly applicable to this case and Defendant has forwarded no arguments to defeat this position. This court should not solely rely on the *Bahamonde* ruling to inform its position, as the *Bahamonde* ruling predates *Villalobos* and it is not binding authority on this court. As such, the Court should grant reconsideration and issue a new and different Order allowing Plaintiff to proceed with his minimum wage claim and associated waiting time penalties claim on a class wide basis in this court.

## V. **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that the Court reconsider its March 19 Order and to amend its ruling to comport with *Villalobos v. Maersk, Inc*., 114 Cal. App. 5th 1170 (2025).

Respectfully Submitted,

Dated: April 9, 2026

BIBIYAN LAW GROUP, P.C.

*/s/ Rafael Yedoyan*
SARAH H. COHEN
RAFAEL YEDOYAN
Attorneys for Plaintiff NERRY BACAJOL